**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Deborah W. Wood on behalf of minor J.T.D.,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>)<br>Andrew M. Saul, Commissioner of Social  )<br>Security Administration,  )<br>)<br>Defendant.  )<br>_____) | Civil Action No.: 1:19-cv-02870-JMC<br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on July 6, 2020. (ECF No. 15.) The Report addresses the claim of Plaintiff Shannon Bryant, appearing on behalf of her minor son, J.T.D.[1] ("Plaintiff"), for Supplemental Security Income ("SSI"). The Report recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 38.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-28.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for SSI. (ECF No. 9-2 at 30.) The ALJ found Plaintiff had the severe

---

[1] For the sake of clarity, the Order refers to J.T.D. as "Plaintiff."

1

impairment of attention deficit hyperactivity disorder and the non-severe impairment of insomnia. (*Id.* at 16.) Due to Plaintiff's status as a minor, the ALJ analyzed Plaintiff's impairments by examining six functional equivalence categories and explaining that if Plaintiff had either one extreme limitation or two marked limitations in the six categories, his impairments would functionally equal a Listing. (*Id.* at 15-16, 23.) The ALJ ultimately concluded Plaintiff had a marked limitation in only one category, and less-than-marked limitations in two other categories, including: when attending and completing tasks, and acquiring and using information. (*Id.* at 24-27.)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 1.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on August 6, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded because the ALJ failed to properly assess Plaintiff's limitations. (ECF No. 15 at 37-38.) Specifically, the Magistrate Judge found the ALJ correctly cited some evidence indicating less-than-marked limitations in the area of attending and completing tasks for Plaintiff, yet the ALJ failed to "reconcile that evidence" with other evidence suggesting stronger limitations. (*Id.* at 37.) Moreover, the Magistrate Judge emphasized the Fourth Circuit's requirement that ALJs "build an accurate and logical bridge from the evidence to [their] conclusion[s]." *Brown v. Comm'r of Soc. Sec.*, 846 F.3d 656, 663 (4th Cir. 2017) (exhorting ALJs to "[s]how your work"). The Magistrate

Judge further observed the Commissioner admitted the record surrounding "Plaintiff's ability to attend and complete tasks is incomplete and lacks clarity." (*Id.* at 33.) Ultimately, the Magistrate Judge disagreed with the Commissioner's claim that the overall record cured deficiencies within the ALJ's decision, instead finding the court was "left to guess about how the ALJ arrived at his conclusion" and recommending remand. (*Id.* at 33-34, 38 (quoting *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015).)

On July 6, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 15 at 40.) On July 20, 2020, the Commissioner informed the court he would not offer objections. (ECF No. 16.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific,

3

written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 15 at 28-39.) The Commissioner notified the court he will not file objections (ECF No. 16) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

August 25, 2020
Columbia, South Carolina